UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACQUELINE STRUCK,

    Plaintiff,

v.                              CASE NO:

WAL-MART STORES, INC.,

    Defendant.
_____/

## WAL-MART STORES, INC.'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES, INC., ("Walmart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Collier County, Florida, Case No. 2019-CA-2667, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1. On or about July 2, 2019, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores, Inc. in the 20th Judicial Circuit Court in and for Collier County, Florida. *See* Pl.'s Compl. attached as Ex. "A." The Complaint was served on Wal-Mart Stores, Inc. on July 5, 2019.

2. Plaintiff, JACQUELINE STRUCK, alleges a claim for negligence against Walmart as a result of injuries she allegedly sustained on September 28, 2015

when she slipped and fell at the Walmart store located at 5420 Juliet Boulevard in Naples, Florida 34109.

3. Specifically, the Plaintiff alleges Walmart failed to maintain the premises in a reasonably safe condition so that "Plaintiff, while shopping for merchandise slip, fell and injured herself". *See* Ex. "A" at ¶ 13.

4. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

5. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Collier County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "B."

6. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Request for Admissions. Plaintiff's Response to Request for Admissions is the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was removable. The thirty (30) day period commenced on July 25, 2019, when Plaintiff served Walmart with the Plaintiff's Response to Request for Admissions.

8. Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Collier County, where Plaintiff filed her state court Complaint against Walmart, is located within the Middle District of Florida.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

10. Wal-Mart Stores, Inc. is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

11. Hence, Defendant, Wal-Mart Stores, Inc., is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

12. Plaintiff is a citizen of the State of Florida residing in Collier County, Florida. Plaintiff is a not a citizen of Delaware or Arkansas.

13. Plaintiff's Complaint specifically states Plaintiff is a resident of Collier County, Florida.

14. The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th

Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005).

15. Publicly available records show that Plaintiff is, and was at the time of filing this action, a Florida citizen maintaining a Florida address and a Florida voters registration since at least 2014.

16. Plaintiffs' domicile in Collier County, Florida is equivalent to her citizenship for purposes of establishing diversity. McCormick at 1257.

17. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV. AMOUNT IN CONTROVERSY

18. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

19. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages that exceed Fifteen Thousand Dollars ($15,000.00)" (Ex. A, ¶1) – a review of the full Complaint, Plaintiff's Response to Request for Admissions, and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.

20. Plaintiff alleges in her Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff JACQUELINE STRUCK suffered "severe bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent, and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense and hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." Ex. "A," ¶20.

21. In addition, on July 25, 2019, Plaintiff served her response to Defendant's Request for Admissions, wherein she admits that she is seeking damages in excess of $75,000.00. *See* copy of Plaintiff's Response to Defendant's Request for Admissions attached as Ex. "C".

22. According to medical records received to date, Plaintiff sustained injuries to her neck, right hip, and low back resulting in lumbar surgery as a result of the alleged incident at Walmart.

23. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, Plaintiff's Response to Request for Admissions as well as a review of Plaintiff's Complaint and consideration of the injuries alleged, Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Jennings v. Powermatic*, No. *3:14-CV-250-J-32JRK, 2014 WL 2003116, at \*2 (M.D. Fla. May 15, 2014),* (Plaintiff's

Response to Request for Admissions is competent evidence of the amount in controversy).

24. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

25. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

26. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, and Plaintiff's Response to Request for Admissions, the amount in controversy exceeds the requisite $75,000.00. The medical bills alone exceed $26,757.06. This does not take into account Plaintiff's alleged future compensatory damages, nor Plaintiff's past and future non-compensatory damages —"severe bodily injury in and about his

body and extremities, resulting in pain and suffering, disability, disfigurement, permanent, and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense and hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." Ex. "A," ¶20.

27. Thus, considering all of the information, the matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company*, 2014 WL 4162781 (M.D. Fla. Aug. 21, 2014)

28. Notwithstanding, in *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000. *Id.* Further, the plaintiff's response to request for admissions alone met the definition of an "other paper" under § 1446(c)(3)(A). *Id.* at *3. Thus, the court found the defendant established complete

diversity and that the defendant established that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

29. Additionally, the court concluded that an affirmative response to a request for admission may establish the amount in controversy. *See, e.g., Diaz v. Big Lots Stores, Inc.*, Case No. 5:10–cv–319, 2010 WL 6793850 (M.D. Fla. Nov. 5, 2010). The removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. *Id.* at *3. Here, Plaintiff's alleged damages as admitted in her Response to the Defendant's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Collier County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES, INC. respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that

the aforesaid action, Case No. 2019-CA-2667, on the docket of the Court for the 20th Judicial Circuit in and for Collier County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

**/s/Amanda J. Sharkey Ross**
Amanda J. Sharkey Ross
Madison P. Allen

HEREBY CERTIFY that on August 22, 2019 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Don Mathews, Esquire
Florida Bar No. 0579882
Don Mathews & Associates, P.A.
1700 Medical Lane, Suite 103
Fort Myers, Florida 33937
Telephone: 239.489.4915
dmathews@dmathewslaw.com

**/s/Amanda J. Sharkey Ross**
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MADISON P. ALLEN
Florida Bar No. 1011247
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone: 239.344.1263
Fax: 239.344.1539
Amanda.ross@henlaw.com
tracey.salerno@henlaw.com
madison.allen@henlaw.com
susan.peters@henlaw.com