11-2019-CA-002667-0001-XX

Filing # 92012486 E-Filed 07/02/2019 03:01:28 PM

IN THE CIRCUIT COURT FOR THE NINETEETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY
CIVIL ACTION

JACQUELINE STRUCK,

        Plaintiff,                                Case No.

vs.

WAL-MART STORES, INC.
a Foreign Corporation,

        Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, JACQUELINE STRUCK, and hereby sues the Defendant, WAL-MART STORES, INC., a Foreign Corporation doing business in Collier County, Florida, and alleges as follows:

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. Plaintiff, JACQUELINE STRUCK, is a natural person residing in Collier County, Florida.

3. At all times material to this action, Defendant, WAL-MART STORES, INC. store #5391, a Foreign Corporation, was licensed to do business and doing business in the State of Florida for profit.

4. At all times material hereto, Defendant was the owner and in possession of that certain business located at 5420 Juliet Boulevard, Naples, Fl 34109 doing business as Wal-Mart, said business being that of a retail market, open to the general public, including the Plaintiff herein and was responsible for damages and injuries sustained by business invitees at its business location resulting from its own independent negligence, and the negligence of its employees, agents and apparent agents.



FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 07/02/2019 03:01:28 PM

5. As the owner/operator of a retail store, Wal-Mart Stores, Inc., Walmart, had a duty to exercise ordinary and reasonable care for the safety of its business invitees, and is liable for injuries to a business invitee from a breach of this duty.

6. At all times material hereto, the employees, agents, and/or apparent agents of Wal-Mart Stores, Inc., including, but not limited to, the employees, agents, and/or apparent agents of Wal-Mart Stores, Inc. located at 5420 Juliet Boulevard, Naples, Fl 34109, was, or should have been, aware of the likelihood of physical injuries to business invitees as a result of its own independent negligence, and the negligence of its employees, agents, and apparent agents.

7. At all times material hereto, the employees, agents, and/or apparent agents of Walmart, including, but not limited to, the employees, agents, and/or apparent agents of Wal-Mart Stores, Inc. located at 5420 Juliet Boulevard Naples, Fl 34109, acting in the course and scope of their employment were aware, or should have been aware, of the potential slip and fall dangers associated with allowing water or other substance to accumulate in the aisles of merchandise from an ongoing leak from the roof/ceiling of the store as a result of its employees, agents, and/or apparent agents negligence in not repairing said leak and allowing the water to remain without proper hazard signs and clean-up.

## COUNT 1- NEGLIGENCE

8. Plaintiff re-alleges paragraphs 1-7 as if fully set forth herein.

9. On or about September 28th, 2015, Plaintiff visited Defendant's premises located at 5420 Juliet Boulevard, Naples, Fl 34109.

10. At said time and place, Plaintiff was a business invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for his safety.

11. On or about September 28th, 2015, employees, agents, and/or apparent agents of Wal-Mart negligently and dangerously allowed water to accumulate in the merchandise aisle of the store.

12. The employee, agents and/or apparent agents failed to clean accumulated water in an aisle in the store and failed to warn invitees of the known dangerous conditions. Furthermore, the employee, agents and/or apparent agents failed to fix an existing leak from the roof/ceiling, which was likely to result in an accumulation of water in the merchandise aisle and result in a dangerous condition.

13. On or about September 28th, 2015, the Plaintiff, while shopping for merchandise slip, fell and injured herself because the Defendant, WAL-MART STORES, INC., negligently maintained the premises by allowing a dangerous condition to exist on the property to wit: allowing water and/or other transitory foreign substances to accumulate on the floor in the merchandise area where the public is invited to transgress to and from. There were no warning signs on the floor and JACQUELINE STRUCK was unaware of the dangerous hazard.

14. As a direct and proximate result of the accumulation of water and/or other transitory foreign substance on the floor of Wal-Mart, JACQUELINE STRUCK fell to the ground with violent force and effect.

15. The above negligent condition was known or should have been known to the Defendant, WAL-MART STORES, INC., or had existed for a sufficient length of time so that WAL-MART STORES, INC. should have known of it and knew or should have known that this would create a dangerous condition for invitees who entered the lobby area.

16. Wal-Mart failed and/or neglected to warn JACQUELINE STRUCK, a business invitee, of the water and/or other transitory foreign substance that had accumulated on the floor and that he should proceed with caution.

17. Wal-Mart failed and/or neglected to maintain the aisle in a reasonably safe condition as to not have water and/or other transitory foreign substances accumulate onto the floor whereby creating a dangerous and hazardous condition.

18. JACQUELINE STRUCK was not aware that water and/or other transitory foreign substance had accumulated on the floor in the aisle whereby creating a dangerous and hazardous condition.

19. The above-described negligence was the proximate cause of the injury to Plaintiff.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent, and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense and hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

21. At all times relevant hereto, WALMART STORES, INC. located 5420 Juliet Boulevard Naples, Fl 34109 was responsible for the actions and/or inactions of its agents, apparent agents, and/or employees, including, but not limited to, the employees working on September 28th, 2015 who were negligent in the following respects:

    a. Failure to exercise ordinary and reasonable care and prudence to have and maintain the premises, including the floors through the merchandise aisles of the store, in a reasonably safe condition for all ordinary, customary, and reasonable uses to which it may be used by business invitees, including, but not limited to, failure to remove accumulated water and/or other transitory foreign substance on the floor prior to JACQUELINE STRUCK's severe slip and fall;

    b. Failure to exercise ordinary and reasonable care for the safety of JACQUELINE STRUCK by failing to warn JACQUELINE STRUCK that the water and/or other transitory foreign substance had been allowed to accumulate on the floor and had not been properly cleaned up prior to JACQUELINE STRUCK's severe slip and fall;

    c. Failure to exercise ordinary and reasonable care by taking necessary measures due to stop leaks from the roof/ceiling, which were likely to accumulate water on the ground;

    d. Failing to exercise ordinary and reasonable care under the circumstances that existed on September 28th, 2015.

WHEREFORE, the Plaintiff, JACQUELINE STRUCK, sues the Defendant, WAL-MART STORES, INC., a Foreign Corporation, for these damages and all other damages allowed by law, and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs.

**PLAINTIFF ALSO DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 2nd day of July, 2019.

DON MATHEWS & ASSOCIATES, P.A.
Attorneys for Plaintiff
1700 Medical Lane, Suite 103
Fort Myers, FL 33907
Designated Service Email:
dmathews@dmathewslaw.com
(239) 489-4915
(239) 489-4159


BY: _/s/ Don Mathews_
  Don Mathews, Esquire
  FBN: 0579882